**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 13-4234**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FABIAN ISRAEL BELTRAN LOPEZ,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, District Judge. (2:12-cr-00015-MSD-LRL-2)

—————————

Submitted: November 26, 2013     Decided: December 5, 2013

—————————

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Michael S. Nachmanoff, Federal Public Defender, Richard J. Colgan, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Norfolk, Virginia, for Appellant. Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fabian Israel Beltran Lopez appeals the district court's judgment sentencing him to 168 months' imprisonment. Beltran Lopez pled guilty to a seventeen-count indictment alleging his extensive involvement in a drug trafficking operation. Beltran Lopez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether Beltran Lopez's sentence is substantively reasonable. Beltran Lopez, though given the opportunity to do so, has not filed a pro se supplemental brief. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). If the sentence is free of significant procedural error, as here, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence is within the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Day, 700 F.3d 713, 730 (4th Cir. 2012), cert. denied, 133 S. Ct. 2038 (2013); see Rita v. United States, 551 U.S. 338, 346–56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a)

2

factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Beltran Lopez contends that his within-Guidelines sentence is substantively unreasonable because the district court did not accept his argument that the Guidelines were not empirically based and credited the Government's interpretation of Beltran Lopez's role in the offense. We will not disregard the presumption of reasonableness that attaches to a within-Guidelines sentence merely because the Guideline in question is not empirically based. See United States v. Mondragon-Santiago, 564 F.3d 357, 367 (5th Cir. 2009). Additionally, we conclude that there was sufficient evidence for the district court to refuse to vary below the Guidelines range based on Beltran Lopez's role in the offense. Lastly, we conclude that the district court gave sufficient reasons for its within-Guidelines sentence, relying on drug quantity and harm to the community.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Beltran Lopez, in writing, of the right to petition the Supreme Court of the United States for further review. If Beltran Lopez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

3

withdraw from representation. Counsel's motion must state that a copy thereof was served on Beltran Lopez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4